UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| GERARDO GARZA MONTENEGRO,<br><br>Petitioner,<br><br>vs.<br><br>YANKTON FPC, WARDEN;<br><br>Respondent. | 4:21-CV-04051-RAL<br><br>ORDER DIRECTING PAYMENT OF $5 FEE AND THEREAFTER DIRECTING SERVICE AND REQUIRING RESPONSE |

On April 2, 2021, Gerardo Garza Montenegro, an inmate at the Yankton Federal Prison Camp in Yankton, South Dakota, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Petitioner moves for leave to proceed in forma pauperis and filed a prisoner trust account report. Docs. 2, 3. His prisoner trust account report shows average monthly deposits of $92.23 and an average monthly balance of $198.68. Doc. 3. Accordingly, the Court finds that Petitioner has the wherewithal to pay the $5.00 filing fee, and his motion for leave to proceed in forma pauperis is denied to that extent. This Court now screens this case under 28 U.S.C. § 1915A to determine if it states claim on which relief can be granted.

Petitioner seeks to redeem earned-time credits under the First Step Act. Doc. 1 at 2. A post-conviction motion such as this one that attacks the execution of a sentence and not the legality of the sentence must be brought in a petition pursuant to 28 U.S.C. § 2241 in the district where the defendant is incarcerated. See 28 U.S.C. §§ 2241, 2255; Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). Petitioner brought his petition in the correct district in that he is imprisoned in Yankton, South Dakota. Doc. 1 at 1. Only after a prisoner exhausts administrative remedies with the Bureau

of Prisons may a prisoner seek judicial review of sentencing credit determinations. See United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006) ("Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241."). The exhaustion requirement for a petition under 28 U.S.C. § 2241 is judicially created and not a jurisdictional requirement. Lueth v. Beach, 498 F.3d 795, 797 n.3 (8th Cir. 2007). A habeas petition can be excused from exhaustion requirements if the process would be futile and serve no useful purpose. See Elwood v. Jeter, 386 F.3d 842, 844 n.1 (8th Cir. 2004).

Here, Petitioner claims that his administrative appeal has been denied. Doc. 1 at 3. This Court cannot determine with confidence that it "plainly appears" that Petitioner is not entitled to any relief here, although ultimately that may be the case.

Next, Petitioner moves for the appointment of counsel. Doc. 4. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, the Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. Id. At this time, Petitioner's claims do not appear to be complex, and Petitioner is able to investigate the facts and present his claims adequately.

Finally, Petitioner filed an "emergency habeas motion for immediate release" due to false imprisonment. Doc. 6. After review of the motion, Petitioner claims that if his earned time credits were applied, he is entitled to immediate release. See id. The claim asserted in his emergency motion is essentially the same claim contained in his petition, which appears to be contested based

on Petitioner remaining imprisoned. His emergency motion, Doc. 6, is denied at this time without prejudice to re-filing once the $5 filing fee is paid and the petition is served.

Therefore, it is hereby

ORDERED that Petitioner pay to the Clerk of Court the $5 filing fee. It is further

ORDERED that the Clerk of Court, upon receipt of the $5 filing fee, arrange to serve a copy of all pleadings of record and this Order on Respondent. It is further

ORDERED that Respondent file an answer, and if he so chooses, a motion to dismiss and memorandum, within thirty days of service of the pleadings. It is further

ORDERED that Petitioner's motion for the appointment of counsel, Doc. 4, is denied. It is further

ORDERED that Petitioner's emergency habeas motion for immediate release, Doc. 6, is denied without prejudice to re-filing once the filing fee is paid and service occurs. It is finally

ORDERED that Petitioner's motion for leave to proceed in forma pauperis, Doc. 2, is denied to the extent that Petitioner is not so indigent to be relieved of the responsibility to pay the $5 filing fee under the circumstances.

DATED April 8, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE